Ryan Gile, Esq.
*rg@gilelawgroup.com*
Nevada Bar No. 8807
**GILE LAW GROUP LTD.**
1180 N. Town Center Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 703-7288

*Attorney for Defendant/Counterclaimant US TURF, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UPMANN SANCHEZ TURF AND LANDSCAPE, INC., dba US Turf, | ) **Case No. 2:21-cv-01749-JCM-DJA** |
| Plaintiff, | ) **DEFENDANT'S ANSWER AND** |
| v. | ) **COUNTERCLAIMS** |
| US TURF, LLC, dba Serenity Landscaping, | ) **JURY DEMAND** |
| Defendant. | ) |
| US TURF, LLC, | ) |
| Counterclaimant, | ) |
| v. | ) |
| UPMANN SANCHEZ TURF AND LANDSCAPE, INC. | ) |
| Counter-Defendant. | ) |

US TURF, LLC ("Defendant" or "Counterclaimant"), by and through its undersigned counsel of record, hereby answers the allegations in the Complaint filed by UPMANN SANCHEZ TURF AND LANDSCAPE, INC. ("Plaintiff" or "Counter-Defendant"), and asserts affirmative defenses and counterclaims as provided herein. Defendant denies all allegations contained in the Complaint that are not specifically admitted. Defendant denies that Plaintiff is entitled to any relief, including the relief that Plaintiff requests. The paragraph numbers in the Answer below correspond to those in Plaintiff's Complaint.

/ / /

**JURISDICTION AND VENUE**

1.      Defendant maintains that this paragraph contains declaratory statements and/or asserts conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained this paragraph of the Complaint.

2.      Defendant maintains that this paragraph contains declaratory statements and/or asserts conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in this paragraph of the Complaint.

3.      Defendant admits it is a Nevada limited liability company created to and doing business in Nevada since May 14, 2020, and on such basis, admits that this Court has personal jurisdiction over Defendant. To the extent that any further response is deemed necessary, Defendant denies the remaining allegations set forth this paragraph of the Complaint.

4.      Defendant admits the allegations set forth in this paragraph of the Complaint.

**PARTIES**

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph of the Complaint and, therefore, denies the same.

6.      Defendant admits the allegations set forth in this paragraph of the Complaint.

7.      Defendant admits it is a Nevada limited liability company created to and doing business in Nevada since May 14, 2020, and on such basis, admits that this Court has personal jurisdiction over Defendant.  To the extent that any further response is deemed necessary, Defendant denies the remaining allegations set forth this paragraph of the Complaint.

**ALLEGATIONS FOR ALL CLAIMS FOR RELIEF**

**Plaintiff's "US Turf" Business and Trademarks**

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the same.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the same.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the same.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the same.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the same.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the same.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the same.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the same.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the same.

**Defendant's Infringement And Unlawful Use Of Plaintiff's Trademarks**

17.     Defendant admits the allegations set forth in this paragraph of the Complaint.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the same.

19.     Defendant admits the allegations set forth in this paragraph of the Complaint.

20.     Defendant admits the allegations set forth in this paragraph of the Complaint.

**Gile Law Group**
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

21.     Defendant admits that it operates a Facebook page and other social media websites for the marketing and promotion of its business but denies the remaining allegations set forth in this paragraph of the Complaint.

22.     Defendant admits receiving the letter referenced in this paragraph and not responding to said letter but denies the remaining allegations set forth in this paragraph of the Complaint.

23.     Defendant denies the allegations set forth in this paragraph of the Complaint.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the same.

25.     Defendant denies the allegations set forth in this paragraph of the Complaint.

26.     Defendant denies the allegations set forth in this paragraph of the Complaint.

27.     Defendant denies the allegations set forth in this paragraph of the Complaint.

28.     Defendant denies the allegations set forth in this paragraph of the Complaint.

29.     Defendant denies the allegations set forth in this paragraph of the Complaint.

30.     Defendant denies the allegations set forth in this paragraph of the Complaint.

31.     Defendant denies the allegations set forth in this paragraph of the Complaint.

32.     Defendant denies the allegations set forth in this paragraph of the Complaint.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement: 15 U.S.C. §1114)

33.     Defendant repeats, realleges and incorporates by reference Defendant's answers to the allegations in the preceding and ensuing paragraphs of Plaintiff's Complaint as if fully set forth herein.

34.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the same.

35.     Defendant maintains that this paragraph contains declaratory statements and/or asserts conclusions of law to which no response is required. To the extent a response is deemed

**Gile Law Group**
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

necessary, Defendant denies the allegations contained this paragraph of the Complaint.

36.    Defendant denies the allegations set forth in this paragraph of the Complaint.

37.    Defendant denies the allegations set forth in this paragraph of the Complaint.

38.    Defendant denies the allegations set forth in this paragraph of the Complaint.

39.    Defendant denies the allegations set forth in this paragraph of the Complaint.

40.    Defendant maintains that this paragraph contains declaratory statements and/or asserts conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained this paragraph of the Complaint.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition under Lanham Act: 15 U.S.C. § 1125(a))

41.    Defendant repeats, realleges and incorporates by reference Defendant's answers to the allegations in the preceding and ensuing paragraphs of Plaintiff's Complaint as if fully set forth herein.

42.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the same.

43.    Defendant denies the allegations set forth in this paragraph of the Complaint.

44.    Defendant denies the allegations set forth in this paragraph  of the Complaint.

45.    Defendant denies the allegations set forth in this paragraph  of the Complaint.

## THIRD CLAIM FOR RELIEF

### (Injunctive Relief Under Lanham Act: 15 U.S.C. § 1116)

46.    Defendant repeats, realleges and incorporates by reference Defendant's answers to the allegations in the preceding and ensuing paragraphs of Plaintiff's Complaint as if fully set forth herein.

47.    Defendant denies the allegations set forth in this paragraph of the Complaint.

48.    Defendant denies the allegations set forth in this paragraph of the Complaint.

49.    Defendant denies the allegations set forth in this paragraph of the Complaint.

/ / /

**Gile Law Group**
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

**PRAYER FOR RELIEF**

The allegations set forth in the paragraphs requesting relief are in the nature of a prayer. Although no response is required, Defendant denies the allegations in Plaintiff's prayer for relief and denies that Plaintiff is entitled to an award of any relief whatsoever from Defendant or this Court.

**AFFIRMATIVE DEFENSES**

Having fully answered the Complaint and without admitting any facts not above admitted to, Defendant asserts the following affirmative defenses:

1.    Defendant asserts that the Complaint, and each cause of action, fails, in whole or in part, to state a claim upon which relief can be granted or facts sufficient to constitute a cause of action against Defendant.

2.    Defendant asserts that some or all of the marks at issue fail to function as trademarks, and thus bar Plaintiff's claims.

3.    Defendant asserts that some or all of the marks at issue are generic.

4.    Defendant asserts that some or all of the marks at issue are geographically descriptive and have not acquired distinctiveness or secondary meaning.

5.    Defendant asserts that some or all of the marks at issue lack inherent distinctiveness or secondary meaning.

6.    Defendant asserts that it did not "use" Plaintiff's marks as contemplated by the Lanham Act.

7.    Defendant asserts that some or all of the marks at issue are barred or limited from recovery in whole or in part by the doctrines of fair use, nominative fair use, and/or descriptive use.

8.    Plaintiff has expressly acknowledged the descriptive/generic nature of the term "US TURF" by virtue of Plaintiff's disclaimer of any exclusive rights to use of the term "US TURF" in its federal trademark registration for the USTURF design mark (US Trademark Registration No. 5,982,235).

/ / /

Gile Law Group
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

9.     Defendant asserts that Plaintiff's claims asserting violation of its rights are barred or limited from recovery in whole or in part by the equitable doctrines of estoppel, laches, waiver, and/or acquiescence.  Despite Plaintiff having actual notice of Defendant's use of the business name US TURF on or about October 2020 (as evidenced by Plaintiff's own cease and desist letter to Defendant dated October 21, 2020), Plaintiff took no legal action to prevent Defendant's continued use of the business name US TURF until the filing of this lawsuit nearly a year later and only after Plaintiff had fraudulently procured a federal registration for the US TURF standard character word mark.  Since May 2020, and at least in partial reliance upon Plaintiff's delay and acquiescence, Defendant did and has continued to build its business and goodwill within the Las Vegas metropolitan market under the business name US TURF.

10.     Defendant asserts that there is no likelihood of confusion between Plaintiff's asserted marks and Defendant's marks.

11.     Defendant asserts that there is no likelihood of confusion between Plaintiff's asserted marks and Defendant's marks because of the descriptive/generic nature of the marks at issue.

12.     Defendant asserts that there is no likelihood of confusion between Plaintiff's asserted marks and Defendant's marks because the parties' respective marks are used in separate geographic areas.

13.     Plaintiff is not entitled to any injunctive relief under the *Dawn Donut* rule given the distinct geographic markets in which the parties operate.

14.     Defendant asserts that Plaintiff's claims are barred or limited from recovery in whole or in part because any infringement was innocent, inadvertent, and or made without knowledge of any rights Plaintiff may have.

15.     Defendant was using the mark US TURF in the Las Vegas metropolitan area prior to any actual use in commerce of said mark by Plaintiff in such geographic area and prior to any applicable constructive nationwide use, and therefore Defendant has priority of use of the mark US TURF in the Las Vegas metropolitan area based upon its pre-existing common law rights to the mark US TURF.

Gile Law Group
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

16.    Defendant's use of the mark US TURF was innocently adopted and used in the Las Vegas metropolitan area before any actual or constructive notice of Plaintiff's alleged trademark rights.

17.    Defendant's use of the mark US TURF within the Las Vegas metropolitan area is not actionable by Plaintiff under the *Tea-Rose/Rectanus* doctrine.

18.    Defendant asserts that Plaintiff may not rely on its federal trademark registration for the US TURF word mark (US Trademark Registration No. 6,439,091) because Plaintiff obtained such trademark registration using false and fraudulent misrepresentations.

19.    Defendant asserts that Plaintiff's claims are barred or limited from recovery in whole or in part by the doctrine of unclean hands.  Specifically, Plaintiff obtained its federal trademark registration for the US TURF word mark (US Trademark Registration No. 6,439,091) by committing fraud on the US Patent and Trademark Office ("US PTO").  Furthermore, Plaintiff is misusing the mark US TURF to deceive the public into believing that US references the United States and that Plaintiff's company offers services throughout the US, when, by Plaintiff's own admission, Plaintiff's use of US as used in the trademark refers to UPMANN SANCHEZ and Plaintiff has only ever provided turf installation services in the San Diego area.

20.    Defendant asserts that Plaintiff's claims are barred or limited from recovery in whole or in part because any infringement was *de minimus* and of no detrimental effect to Plaintiff.

21.    Defendant asserts that Plaintiff has sustained no harm, irreparable or otherwise, due to Defendant's actions.

22.    Defendant asserts that Plaintiff's claims are barred or limited from recovery in whole or in part because Plaintiff's damages, if any, were not caused by Defendant.

23.    Defendant asserts that there has been no damage in any amount, manner, or at all by reason of any act alleged against Defendant in the Complaint and the relief prayed for in the Complaint cannot be granted.

24.    Defendant asserts that Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendant's actions.

25.    Defendant asserts, without admitting that the Complaint states a claim, that any

**Gile Law Group**
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

remedies are limited to the extent there is an overlapping or duplicative recovery for any alleged single wrong.

26.    Defendant asserts that the claims made in the Complaint are barred or limited from recovery in whole or in part due to other parties' use of any of the marks at issue.

27.    Defendant hereby incorporates by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as if fully set forth herein.  In the event further investigation or discovery reveals the applicability of any such defenses, Defendant reserves the right to seek leave of court to amend its Answer to Plaintiff's Complaint to specifically assert any such defenses.

28.    Pursuant to Rule 11 of the Federal Rules of Civil Procedure, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon filing of this answer in the Plaintiff's Complaint and Defendant reserves the right to amend its Answer to Plaintiff's Complaint as additional information becomes available or as additional affirmative defenses are revealed in the course of discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, having answered Plaintiff's Complaint, Defendant prays for judgment as follows:

1.    That the Plaintiff take nothing by reason of its Complaint.

2.    That Plaintiff's claims be dismissed against Defendant with prejudice.

3.    Finding that this is an exceptional case and awarding all attorney's fees incurred by Defendant under 15 U.S.C. § 1117.

4.    For costs and disbursements incurred by Defendant in connection with this lawsuit.

5.    For such other further relief as the Court may deem just and proper.

/ / /

/ / /

/ / /

Gile Law Group
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

**Gile Law Group**
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

## COUNTERCLAIMS

Counterclaimant US TURF LLC (hereinafter "Counterclaimant"), by and through its attorney of record, hereby alleges against Counterclaim Defendant UPMANN SANCHEZ TURF AND LANDSCAPE, INC. (hereinafter "Counter-Defendant") as follows:

## JURISDICTION

1.      This Court has subject matter jurisdiction over the following counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to the claims arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

2.      This Court has personal jurisdiction over Counter-Defendant because Counter-Defendant has submitted to jurisdiction of the Court by filing the Complaint.

3.      Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and/or 1400 at least because Counter-Defendant filed the Complaint in this District.

## PARTIES

4.      Counterclaimant is, and at all times relevant hereto was, a Nevada limited liability company with its principal place of business located at 4050 W. Harmon Avenue, Ste 1, Las Vegas, NV 89103, authorized to and conducting business in Clark County, Nevada.

5.      Counter-Defendant alleges it is, and at all times relevant hereto was, a California corporation with its principal place of business located at 8888 Miramar Rd. Suite 100, San Diego CA, 92126.

## ALLEGATIONS COMMON TO ALL COUNTERCLAIMS

**Prosecution History of Plaintiff's Alleged Trademarks**

6.      On July 22, 2019, Counter-Defendant filed a US trademark registration application for the following design mark in connection with "laying of artificial turf" on the basis of alleged actual use at least as early as July 2018 (US Trademark Application Serial No. 88527782):



7.      On October 11, 2019, the United States Patent and Trademark Office ("US PTO") entered a disclaimer on the record which expressly disclaimed any exclusive rights to use of the wording "US TURF" by Counter-Defendant apart from the entire design mark as shown.

8.      The registration for this mark was issued on February 11, 2020 (US Trademark Registration No. 5,982,235) and included the following express disclaimer of the generic wording "US TURF"– "No claim is made to the exclusive right to use "US TURF" apart from the mark as shown."

9.      On or about October 21, 2020, Counter-Defendant sent a cease and desist letter to Counterclaimant after Counter-Defendant became aware of Counterclaimant using the business name US TURF for turf installation services in the Las Vegas metropolitan geographic area.

10.     After Counter-Defendant was well aware of Counterclaimant's use-in-commerce of the name US TURF in the Las Vegas metropolitan geographic area for turf installation services, Counter-Defendant, on November 3, 2020, filed another US trademark registration application with the US PTO for the standard character word mark US TURF in connection with "laying of artificial turf."

11.     The November 3, 2020, trademark registration application was signed by "Stephen C. Beuerle," identified as "Attorney of record" for Counter-Defendant, and who is an attorney with the same law firm that sent the October 21, 2020, cease and desist letter on behalf of Counter-Defendant.

12.     On April 7, 2021, the US PTO issued an Office Action which refused registration of the US TURF word mark on the basis that it is primarily geographically descriptive of the origin of Counter-Defendant's services.

13.     Sometime thereafter, Counter-Defendant (through its counsel of record) contacted the US PTO and represented to the Examining Attorney, *inter alia*, that "US stands for UPMANN SANCHEZ" and, based on such representation, the US PTO approved the mark for publication without any disclaimer of the generic wording US TURF, but rather only requiring a disclaimer for the word TURF.

/ / /

**Gile Law Group**
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

14.    The US TURF standard character word mark was subsequently registered on August 3, 2021, as US Trademark Registration No. 6,439,091.

15.    Despite Counter-Defendant's prior express acknowledgment of the descriptive/generic nature of the wording "US TURF" and express disclaimer of any exclusive rights to use of "US TURF" apart from its design mark as shown and its express representations to the US PTO that "US stands for UPMANN SANCHEZ" upon which the US PTO relied in approving the application for US TURF, Counter-Defendant is now claiming exclusive rights to the abbreviation US in order to stop third parties from using US in its common geographically descriptive manner, namely the ubiquitous abbreviation for the United States.

**Counter-Defendant's Alleged Mark Is Descriptive and Lacks Secondary Meaning**

16.    US is a well-known, widely-recognized abbreviation for the United States, otherwise known as the United States of America, a country with a population of over 300 million people.

17.    The primary significance to the general public of the term US is that of a well-known location, namely the United States of America or United States.

18.    Counter-Defendant's artificial turf installation services originate in the US as evidenced by Counter-Defendant's own allegations that "Plaintiff services clients who are located all over the United States" (Complaint, ¶8).

19.    The term US is geographically descriptive of the services offered by Counter-Defendant.

20.    The word TURF is generic of Counter-Defendant's services of laying artificial "turf," and adding the generic wording TURF to a geographically descriptive word like US does not diminish that geographic word's primary geographic significance.

21.    The generic wording TURF is modified by US and places Counter-Defendant's turf laying services in a geographic context since Counter-Defendant is located in and provides services in the US.

22.    Consumers encountering Counter-Defendant's US TURF mark would perceive the terms US TURF in the mark as merely describing a feature of the Counter-Defendant's services,

Gile Law Group
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

namely turf laying services, along with the geographic origin of such services, namely within the US, and would not perceive the US TURF mark as a uniquely distinctive source-identifier.

23.    Counter-Defendant's descriptive US TURF mark has not acquired any secondary meaning of identifying Counter-Defendant's turf installation services exclusively.

24.    Accordingly, the mark US TURF is geographically descriptive, and thus cannot be registered as a trademark on the Principal Register under Section 2(e)(2) of the Lanham Act (15 U.S.C. §§ 1052(e)), nor can Counter-Defendant claim any enforceable trademark rights to the descriptive term as against Counterclaimant's use of the name US TURF within the Las Vegas geographic area.

**Counterclaimant's Usage of the Business Name US TURF**

25.    Counterclaimant was formed as a Nevada limited liability company on May 14, 2020, after its two principal owners decided to join forces to create the #1 artificial turf installation company in the Las Vegas metropolitan area.

26.    The business name US TURF was selected because the word TURF immediately informs customers of Counterclaimant's primary business, namely involving artificial turf, and US immediately informs customers of the company's geographic presence within the United States.

27.    At the time of Counterclaimant's formation, there were no other companies providing turf installation services within the Las Vegas metropolitan area under the business name US TURF or otherwise using US TURF as a trademark or service mark.

28.    On or about June 17, 2020, Counterclaimant registered the domain name www.usturflv.com to use in connection with promoting its US TURF business within Las Vegas.

29.    Soon thereafter, Counterclaimant published a website which began marketing and promoting its turf installation services in the  Las Vegas metropolitan area under the US TURF name and service mark.

30.    On or about June 29, 2020, Counterclaimant began providing artificial turf installation services to clients in the Las Vegas metropolitan area and has continuously provided such services to clients in such geographic area to the present.

/ / /

**Gile Law Group**
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

GLG-30478

13

31.     In or around September 2020, in order to expand its marketing and promotion of its business, Counterclaimant began creating accounts for its US TURF business on various social media platforms, including a US TURF Facebook account (https://www.facebook.com/usturf/) and USTURF Instagram profile (https://www.instagram.com/us.turf) – neither of which had been previously registered by any third party.

32.     At around the same time, Counterclaimant also claimed the local Las Vegas Yelp profile page for US TURF (https://www.yelp.com/biz/us-turf-las-vegas) and Yelp does not show any other turf installation businesses within the Las Vegas metropolitan area using the name US TURF.

33.     Based on Counterclaimant's successful marketing efforts of its US TURF business in Las Vegas, the US TURF name has acquired a secondary meaning within the Las Vegas metropolitan area as identifying Counterclaimant's turf installation services exclusively.

34.     Upon information and belief, Counter-Defendant has never provided any services relating to the installation of artificial turf to any customers within the Las Vegas metropolitan area prior to Counterclaimant first providing such services under the US TURF business name.

35.     Upon information and belief, Counter-Defendant provides its services solely to customers within the geographic area of San Diego, California, and has always used the domain name www.usturfsandiego.com as the domain name for its website promoting its San Diego turf installation services.

## FIRST COUNTERCLAIM

### (Declaratory Relief of Non-Infringement – Innocent Local Use)

36.     Counterclaimant repeats, realleges and incorporates herein each of the foregoing allegations in the preceding paragraphs of these Counterclaims as if fully set forth herein.

37.     This is a counterclaim for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

38.     Based on the allegations above, there is an actual and substantial controversy between Counterclaimant and Counter-Defendant, who have adverse legal interests. Counter-Defendant has made clear to Counterclaimant its belief that its alleged trademark is currently being

Gile Law Group
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

infringed by Counterclaimant's use of the business name US TURF and Counterclaimant denies any wrongdoing. The dispute between Counterclaimant and Counter-Defendant is substantial, definite, concrete and immediate, and not hypothetical.

39.     Counter-Defendant's assertions that Counterclaimant is violating its legal rights irreparably injures Counterclaimant and adversely affects its ongoing business and the large investment it has made in its US TURF business name and attendant goodwill within the Las Vegas metropolitan area. These assertions will continue to adversely affect Counterclaimant's business until they are determined by this Court to lack merit.

40.     Counterclaimant adopted the US TURF name for its business without actual or constructive knowledge of Counter-Defendant's trademark claims of exclusivity to the standard character word mark US TURF in connection with turf installation services.

41.     Counterclaimant has continuously used the US TURF name in the Las Vegas metropolitan area in connection with its turf installation services since at least as early as June 2020.

42.     Counterclaimant's adoption of the US TURF name was before Counter-Defendant filed its trademark registration application for the standard character word mark US TURF with the US PTO.

43.     As such, Counterclaimant does not infringe upon Counter-Defendant's trademark rights pursuant to 15 U.S.C. §1115(b)(5).

44.     Counterclaimant denies that its use of the US TURF mark violates Counter-Defendant's trademark rights since the use by Counterclaimant of the US TURF name is not in violation of any rights Counter-Defendant might have pursuant to 15 U.S.C. §§ 1114(1) or 1125(a).

45.     Accordingly, Counterclaimant requests that this Court resolve the competing contentions of the parties and declare that Counterclaimant's prior innocent local use of the US TURF name in the Las Vegas metropolitan area does not infringe Counter-Defendant's trademark rights and that Counterclaimant's future use of the US TURF name within the Las Vegas metropolitan area does not infringe upon Counter-Defendant's trademark rights to US TURF.

46.     Additionally or in the alternative, Counterclaimant requests that this Court resolve

Gile Law Group
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

the competing contentions of the parties and declare that Counterclaimant was using the mark US TURF in the Las Vegas metropolitan area prior to any actual use in commerce of said mark by Counter-Defendant in such geographic area and prior to any applicable constructive nationwide use, and therefore Counterclaimant has priority of use of the mark US TURF in the Las Vegas metropolitan area based on its pre-existing common law rights to the mark US TURF.

47.    In order to resolve the legal and factual questions raised by Counter-Defendant and to afford relief from the uncertainty and controversy that Counter-Defendant's assertions have precipitated, Counterclaimant is entitled to a declaratory judgment of its rights under 28 U.S.C. §§ 2201–02.

## SECOND COUNTERCLAIM

### (Cancellation/Modification of the US TURF Trademark Registration – Priority of Use)

48.    Counterclaimant repeats, realleges and incorporates herein each of the foregoing allegations in the preceding paragraphs of these Counterclaims as if fully set forth herein.

49.    This is a counterclaim for cancellation pursuant to 15 U.S.C. §§ 1052(d) and 1064(3).

50.    Under 15 U.S.C. §1119, the Court has jurisdiction "[i]n any action involving a registered mark . . . to order the cancelation of registrations. . ., and otherwise rectify the register with respect to the registrations of any party to the action."

51.    Because Counter-Defendant's US trademark registration for the US TURF word mark consists of a mark which was previously used and not abandoned by Counterclaimant prior to the date of Counter-Defendant's application to register the US TURF word mark, such registration is contrary to the provisions of 15 U.S.C. §1052(d) and subject to cancellation under 15 U.S.C. §1064(3), and therefore, this Court, under 15 U.S.C. §1119, should order that US Trademark Registration No. 6,439,091 be canceled in order to rectify the register.

52.    In the alternative, should the Court not otherwise order US Trademark Registration No. 6,439,091 to be canceled or otherwise deem the word mark unenforceable, then, based on Counterclaimant's existing use-in-commerce of the US TURF mark prior to the filing date of Counter-Defendant's application for the US TURF word mark, the Court should find that

**Gile Law Group**
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

Counterclaimant is entitled to continue to use the US TURF mark in connection with artificial turf installation services within the Las Vegas metropolitan area and, consistent with 15 U.S.C. §1052(d) and as authorized under 15 U.S.C. §1119, order the Director of the US PTO to modify US Trademark Registration No. 6,439,091 to be a concurrent registration covering the entire United States except the Las Vegas metropolitan area.

## THIRD COUNTERCLAIM

### (Declaratory Relief of Non-Infringement – Merely Descriptive)

53.    Counterclaimant repeats, realleges and incorporates herein each of the foregoing allegations in the preceding paragraphs of these Counterclaims as if fully set forth herein.

54.    This is a counterclaim for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

55.    Based on the allegations above, there is an actual and substantial controversy between Counterclaimant and Counter-Defendant, who have adverse legal interests. Counter-Defendant has made clear to Counterclaimant its belief that its alleged trademark is currently being infringed by Counterclaimant's use of the business name US TURF and Counterclaimant denies any wrongdoing. The dispute between Counterclaimant and Counter-Defendant is substantial, definite, concrete and immediate, and not hypothetical.

56.    Counter-Defendant's assertions that Counterclaimant is violating its legal rights irreparably injures Counterclaimant and adversely affects its ongoing business and the large investment it has made in its US TURF business name and attendant goodwill within the Las Vegas metropolitan area. These assertions will continue to adversely affect Counterclaimant's business until they are determined by this Court to lack merit.

57.    Counterclaimant's services originate from within the US and involve the installation of artificial turf. Accordingly, Counterclaimant's use of US TURF is primarily geographically descriptive of the origin of Counter-Defendant's services, namely the offering of turf installation services within the US.  As such, Counterclaimant does not infringe upon Counter-Defendant's trademark rights pursuant to 15 U.S.C. §1115(b)(4).

58.    Counterclaimant further denies that its use of the US TURF mark violates Counter-

**Gile Law Group**
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

Defendant's alleged trademark rights since the use by Counterclaimant of the US TURF name is not in violation of any rights Counter-Defendant might have pursuant to 15 U.S.C. §§ 1114(1) or 1125(a).

59.     Accordingly, Counterclaimant requests that this Court resolve the competing contentions of the parties and declare that Counterclaimant's use of the US TURF name in the Las Vegas metropolitan area does not infringe Counter-Defendant's alleged trademark rights and that Counterclaimant's future use of the US TURF name within the Las Vegas metropolitan area does not infringe upon Counter-Defendant's alleged trademark rights to US TURF.

60.     In order to resolve the legal and factual questions raised by Counter-Defendant and to afford relief from the uncertainty and controversy that Counter-Defendant's assertions have precipitated, Counterclaimant is entitled to a declaratory judgment of its rights under 28 U.S.C. §§ 2201–02.

## FOURTH COUNTERCLAIM

**(Cancellation/Modification of the US TURF Trademark Registration – Merely Descriptive)**

61.     Counterclaimant repeats, realleges and incorporates herein each of the foregoing allegations in the preceding paragraphs of these Counterclaims as if fully set forth herein.

62.     This is a counterclaim for cancellation pursuant to 15 U.S.C. §§ 1052(e) and 1064(3).

63.     Because US TURF is merely descriptive when used in connection with "laying of artificial turf," such registration is contrary to the provisions of 15 U.S.C. §1052(e) and subject to cancellation under 15 U.S.C. §1064(3), and therefore, this Court, under 15 U.S.C. §1119, should order that US Trademark Registration No. 6,439,091 be canceled in order to rectify the register.

64.     In the alternative, should the Court not otherwise order US Trademark Registration No. 6,439,091 to be canceled or otherwise deem the word mark unenforceable, then, based on the merely descriptive nature of the standard character word mark US TURF, the Court should rectify the register with respect to Counter-Defendant's registration thereof and order that US Trademark Registration No. 6,439,091 be amended to be on the Supplemental Register of the US PTO.

/ / /

**Gile Law Group**
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

## FIFTH COUNTERCLAIM

### (Damages For Federal Trademark Registration Obtained by Fraud)

65.     Counterclaimant repeats, realleges and incorporates herein each of the foregoing allegations in the preceding paragraphs of these Counterclaims as if fully set forth herein.

66.     This is a counterclaim for damages pursuant to 15 U.S.C. §§ 1120 and 1064(3)).

67.     Under 15 U.S.C. § 1120:

> Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof.

68.     Counter-Defendant obtained US Trademark Registration No. 6,439,091 for the standard character word mark US TURF, which issued on August 3, 2021, on the US PTO's Principal Register.

69.     All applicants for trademark registration with the US PTO based on use-in-commerce must sign the following standard declaration statements as part of the application (emphasis added):

☐    The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

☐    The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered; The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application; The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☐    To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

/ / /

/ / /

□ ***To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive***.

70.     In Counter-Defendant's application for registration, filed on November 3, 2020, Mr. Stephen C. Beuerle, identified as "Attorney of record" for Counter-Defendant, signed the declaration above.  Counter-Defendant's application for registration of the US TURF standard character word mark, including the signed declaration, is attached hereto as **Exhibit A**.

71.     Based on the prominence of the aforementioned notices, Counter-Defendant knew and was well aware of its obligation to refrain from knowingly making any false, material statements to the US PTO in connection with its trademark registration application.

72.     Mr. Beuerle is with the same law firm that sent the October 21, 2020, cease and desist letter to Counterclaimant on behalf of Counter-Defendant demanding that Counterclaimant cease using US TURF in connection with turf installation services, and so Mr. Beuerle and Counter-Defendant had personal knowledge of Counterclaimant's active use of the US TURF business name within the Las Vegas metropolitan area in connection with turf installation services.

73.     Before and on the date Counter-Defendant filed the foregoing application for registration of the standard character word mark US TURF, Counterclaimant was using the US TURF trademark within the Las Vegas metropolitan area on or in connection with the advertising, sale, and offering for sale of artificial turf installation services and Counter-Defendant had actual knowledge of such use of the exact identical mark in connection with artificial turf installation services.

74.     Despite Counter-Defendant's actual knowledge of Counterclaimant's use of the identical mark in connection with identical service and despite being aware of the consequences of making false materials statements to the US PTO, Counter-Defendant, through its representative, nevertheless signed the declaration section of the US TURF trademark registration application attesting that to the best of his/Counter-Defendant's knowledge, no other persons have the right to use the mark in commerce, either in the identical form thereof or in such near

**Gile Law Group**
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

resemblance thereto as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion, or to cause mistake, or to deceive.

75.     Counter-Defendant's express representations to the US PTO that it knew of no other third parties that had the right to use the US TURF mark in connection with "laying of artificial turf" were knowingly false or fraudulent because Counter-Defendant had actual knowledge of Counterclaimant's existing prior use of the US TURF mark in connection with "laying of artificial turf" as evidenced by Counter-Defendant's October 21, 2020 letter to Counterclaimant.

76.     Moreover, the false representation made by Counter-Defendant that "no other persons have the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion, or to cause mistake, or to deceive," was made willfully to the US PTO with a deliberate intent to deceive and mislead the US PTO into issuing a US trademark registration for the US TURF standard character word mark.

77.     By Counter-Defendant's submission of a false and fraudulent claim that it was not aware of any third parties having the right to use the US TURF mark in connection with "laying of artificial turf," Counter-Defendant knowingly made such false representations to the US PTO with an intent to deceive and in order to induce to the US PTO to register the US TURF word mark despite Counter-Defendant's full knowledge of Counterclaimant's existing prior usage rights to the same mark in connection with the same services, and the US PTO relied upon such representations in approving Counter-Defendant's US TURF word mark for publication.

78.     Upon information and belief, but-for Counter-Defendant's knowingly fraudulent representations, the US PTO would not have issued the US TURF registration to Counter-Defendant.

79.     Counter-Defendant thus obtained the US TURF federal trademark registration as a result of a material and fraudulent representation to the US Patent and Trademark Office, making the resulting trademark registration of the US TURF word mark obtained in violation of 15 U.S.C. § 1120.

**Gile Law Group**
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

80.     Counter-Defendant's false and/or fraudulent procurement of the US TURF word mark registration has damaged and will continue to damage Counterclaimant in violation of 15 U.S.C. § 1120 unless enjoined by this Court. Counterclaimant has no adequate remedy at law.

81.     As a result of Counter-Defendant's procurement of the US TURF word mark registration outlined above, through a false or fraudulent representation to the US PTO, Counterclaimant has suffered damages for which Counter-Defendant is liable in an amount to be determined at trial.

## SIXTH COUNTERCLAIM

### (Cancellation of the US TURF Trademark Registration Obtained by Fraud)

82.     Counterclaimant repeats, realleges and incorporates herein each of the foregoing allegations in the preceding paragraphs of these Counterclaims as if fully set forth herein.

83.     This is a counterclaim for cancellation pursuant to 15 U.S.C. §§ 1120 and 1064(3)).

84.     In reliance upon Counter-Defendant's materially false representations to the US PTO that it was not aware of any third parties having the right to use the US TURF mark in connection with "laying of artificial turf," the US PTO issued US Trademark Registration No. 6,439,091.

85.     Because US Trademark Registration No. 6,439,091 for the standard character word mark US TURF was issued by the US PTO in reliance upon Counter-Defendant's false representation of a material fact that Counter-Defendant knew was false at the time, such registration is contrary to the provisions of 15 U.S.C. § 1120 and subject to cancellation under 15 U.S.C. §1064(3), and therefore, this Court, under 15 U.S.C. §1119, should order that US Trademark Registration No. 6,439,091 be canceled in order to rectify the register.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Gile Law Group
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

## **PRAYER FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Counterclaimant respectfully requests that this Court enter an Order granting it the following relief:

A.      Issue an order declaring that Counterclaimant's use of the US TURF name in the Las Vegas metropolitan area does not infringe upon any of Counter-Defendant's rights under the trademark laws of the United States;

B.      Issue an order declaring that Counterclaimant has priority of use of the US TURF mark in the Las Vegas metropolitan area;

C.      Issue an order declaring that Counterclaimant has the right to continue to use the US TURF mark in connection with the sale of turf installation services in the Las Vegas metropolitan area free from any interference by Counter-Defendant, its officers, agents, employees, attorneys, privies, representatives, successors and assigns, and any and all persons acting in active concert or participation with or under authority from Counter-Defendant;

D.      Issue an order enjoining Counter-Defendant from using the US TURF mark in connection with providing any turf installation services within the Las Vegas metropolitan area;

E.      Pursuant to 15 U.S.C. § 1119, issue an order to the Director of the United States Patent and Trademark Office (a) canceling US Trademark Registration No. 6,439,091; or alternatively (b) modifying US Trademark Registration No. 6,439,091 to be a concurrent registration covering the entire United States except the Las Vegas metropolitan area; or alternatively (c) modifying US Trademark Registration No. 6,439,091 so that it is amended to be on the Supplemental Register of the US PTO;

F.      Entering a judgment that Counter-Defendant's US Trademark Registration No. 6,439,091 was procured by means of a false or fraudulent representation;

G.      Pursuant to 15 U.S.C. § 1120, awarding any damages to Counterclaimant that it sustained and continues to sustain in consequence of Counter-Defendant's procurement of US Trademark Registration No. 6,439,091 by means of a false or fraudulent representation;

H.      Awarding Counterclaimant its attorneys' fees pursuant to 15 U.S.C. § 1117 because of the exceptional nature of this case;

**Gile Law Group**
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

I.    Awarding Counterclaimant its costs in connection with this litigation; and

J.    Granting Counterclaimant such other and further relief as the Court may deem just and proper.

### <u>DEMAND FOR JURY TRIAL</u>

Under Rule 38 of the Federal Rules of Civil Procedure, Defendant/Counterclaimant requests a trial by jury of all issues so triable.

Dated: November 2, 2021

Respectfully Submitted,

**GILE LAW GROUP, LTD.**

*/s/ Ryan Gile*
Ryan Gile, Esq.
Nevada Bar No. 8807
***rg@gilelawgroup.com***
1180 N. Town Center Drive, Suite 100
Las Vegas, Nevada 89144
Tel. (702) 703-7288

*Attorney for*
*Defendant/Counterclaimant US TURF LLC*

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on November 2, 2021, I electronically filed the foregoing document

3   with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the

4   foregoing document is being served via transmission of Notices of Electronic Filing generated by

5   CM/ECF to all participants in the case who are registered CM/ECF users.

6

7                                        */s/ Ryan Gile*
                                          Employee, Gile Law Group Ltd.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28