Jeffery A. Garofalo (Bar No. 7345)
E-mail: jeff.garogalo@procopio.com
PROCOPIO, CORY, HARGREAVES &
SAVITCH LLP
10000 W. Charleston Blvd., Suite 140
Las Vegas, NV 89135
Telephone: 702.216.2684
Facsimile: 619.788.5500

Lisel M. Ferguson (Bar No. 207637/Pro Hac Vice)
E-mail: lisel.ferguson@procopio.com
Tiffany Salayer (Bar No. 226189/Pro Hac Vice)
E-mail: tiffany.salayer@procopio.com
PROCOPIO, CORY, HARGREAVES &
SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Plaintiff and Counter-Defendant
UPMANN SANCHEZ TURF AND LANDSCAPE

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UPMANN SANCHEZ TURF AND LANDSCAPE, dba US Turf,<br><br>Plaintiff,<br><br>v.<br><br>US TURF LLC, dba Serenity Landscaping,<br><br>Defendant.<br><br>US TURF LLC,<br><br>Counterclaimant,<br>v.<br><br>UPMANN SANCHEZ TURF AND LANDSCAPE, INC.<br><br>Counter-Defendant. | Case No. 2:21-cv-01749-JCM-DJA<br><br>**COUNTER-DEFENDANT UPMANN SANCHEZ TURF AND LANDSCAPE, INC.'S ANSWER TO COUNTERCLAIMANT US TURF LLC'S COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff and Counter-Defendant UPMANN SANCHEZ TURF AND LANDSCAPE ("Plaintiff" and/or "Counter-Defendant") hereby submits the following answer and affirmative defenses to Defendant and Counterclaimant US TURF LLC's

("Counterclaimant") Counterclaims filed on November 2, 2021 (Dkt. 11) ("Counterclaims").[1]

## ANSWER

Counter-Defendant, for its self and no other, denies, generally and specifically, any and all allegations in the Counterclaims which are not expressly admitted or denied hereinafter. It is not intended that there be any admission by silence or omission as to any allegations in the Counterclaims. Counter-Defendant hereafter responds to each of the sections of the Counterclaims exactly as it is set forth in utilizing Counterclaimant's numbering system.

## JURISDICTION

1. Counter-Defendant admits the allegations contained in paragraph 1.

2. Counter-Defendant admits the allegations contained in paragraph 2.

3. Counter-Defendant admits the allegations contained in paragraph 3.

## PARTIES

4. Counter-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 4.

5. Counter-Defendant admits the allegations contained in paragraph 5.

## ALLEGATIONS COMMON TO ALL COUNTERCLAIMS

**Prosecution History of Plaintiff's Alleged Trademarks**

6. Counter-Defendant admits the allegations contained in paragraph 6.

7. Counter-Defendant denies the allegations as phrased in paragraph 7. The USPTO records speak for themselves.

8. Counter-Defendant admits that the registration date and certificate for Registration for USPTO Registration No. 5982235 is February 11, 2020. A true and correct

---

[1] Note Counter-Defendant is not responding to Counterclaims five and six as the Court dismissed them on September 30, 2022 without prejudice (Dkt. 32) and Counterclaimant has not amended its Counterclaims.

copy of the Registration Certificate issued is attached to the Complaint as Exhibit B and speaks for itself.

9. Counter-Defendant admits sending a cease and desist letter dated October 21, 2020. The October 21, 2020 letter is attached to the Complaint as Exhibit H. Counter-Defendant denies each and every remaining allegation contained in paragraph 9.

10. Counter-Defendant admits filing its application for the US TURF word mark on November 3, 2020. Counter-Defendant denies each and every remaining allegation contained in paragraph 10.

11. Counter-Defendant denies each and every allegation contained in paragraph 11. A true and correct copy of the cease and desist letter dated October 21, 2020 is attached to the Complaint as Exhibit H.

12. Counter-Defendant admits that on April 7, 2021 the USPTO issued a nonfinal office action stating the mark is "primarily geographically descriptive of the origin of applicant's services." Counter-Defendant denies each and every remaining allegation contained in paragraph 12.

13. Counter-Defendant denies each and every allegation contained in paragraph 13. The USPTO records speak for themselves.

14. Counter-Defendant admits the allegations contained in paragraph 14.

15. Counter-Defendant denies each and every allegation contained in paragraph 15.

16. Counter-Defendant denies each and every allegation contained in paragraph 16.

17. Counter-Defendant denies each and every allegation contained in paragraph 17.

18. Counter-Defendant admits that it provides installation and turf products in the United States and advertises its products and services throughout the United States. Counter-Defendant denies each and every remaining allegation contained in paragraph 18.

19. Counter-Defendant denies each and every allegation contained in paragraph 19. The "US" in US TURF stands for "Upmann Sanchez". Upmann and Sanchez are the last names of the founders of the entity.

20. Counter-Defendant denies each and every allegation contained in paragraph 20.

21. Counter-Defendant denies each and every allegation contained in paragraph 21.

22. Counter-Defendant denies each and every allegation contained in paragraph 22.

23. Counter-Defendant denies each and every allegation contained in paragraph 23.

24. Counter-Defendant denies each and every allegation contained in paragraph 24.

**Counterclaimant's Usage of the Business Name US TURF**

25. Counter-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 25.

26. Counter-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 26.

27. Counter-Defendant denies each and every allegation contained in paragraph 27. Counter-Defendant was already doing business in Las Vegas and surrounding areas as US TURF.

28. Counter-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 28.

29. Counter-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 29.

30. Counter-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 30.

31. Counter-Defendant denies each and every allegation contained in paragraph 31. Counter-Defendant established US TURF on Facebook on June 22, 2018 and Instagram on or before July 19, 2018. Counterclaimant uses "us.turf" on both platforms and likely was aware of Counter-Defendant's use of US TURF when it created its pages/accounts.

32. Counter-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 32.

33. Counter-Defendant denies each and every allegation contained in paragraph 33.

34. Counter-Defendant denies each and every allegation contained in paragraph 34.

35. Counter-Defendant denies each and every allegation contained in paragraph 35.

## FIRST COUNTERCLAIM

**(Declaratory Relief of Non-Infringement – Innocent Local Use)**

36. To the extent any allegations of the Counterclaims are not addressed above, they are denied.

37. Counter-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 37.

38. Counter-Defendant admits there is a dispute between the parties. Counter-Defendant denies each and every remaining allegation contained paragraph 38.

39. Counter-Defendant denies each and every allegation contained in paragraph 39.

40. Counter-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 40.

41. Counter-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 41.

42. Counter-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 42.

43. Counter-Defendant denies each and every allegation contained in paragraph 43.

44. Counter-Defendant denies each and every allegation contained in paragraph 44.

45. Counter-Defendant denies each and every allegation contained in paragraph 45.

46. Counter-Defendant denies each and every allegation contained in paragraph 46.

47. Counter-Defendant denies each and every allegation contained in paragraph 47.

## SECOND COUNTERCLAIM

**(Cancellation/Modification of the US TURF Trademark Registration – Priority of Use)**

48. To the extent any allegations of the Counterclaims are not addressed above, they are denied.

6
ANSWER TO COUNTERCLAIMS
127965-00LIT001/6293315.5  CASE NO. 2:21-CV-01749-JCM-DJA

49. Counter-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 49.

50. Counter-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 50.

51. Counter-Defendant denies each and every allegation contained in paragraph 51. As Counterclaimant knows, Counter-Defendant has used the US TURF word mark since July 2018 and sent Counterclaimant a cease and desist letter in October 2020.

52. Counter-Defendant denies each and every allegation contained in paragraph 52. Counter-Defendant was the first between the two parties to use US TURF in Las Vegas and the surrounding area.

## THIRD COUNTERCLAIM

### (Declaratory Relief of Non-Infringement – Merely Descriptive)

53. To the extent any allegations of the Counterclaims are not addressed above, they are denied.

54. Counter-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 54.

55. Counter-Defendant admits there is a dispute between the parties. Counter-Defendant denies each and every remaining allegation contained in paragraph 55.

56. Counter-Defendant denies each and every allegation contained in paragraph 56.

57. Counter-Defendant denies each and every allegation contained in paragraph 57.

58. Counter-Defendant denies each and every allegation contained in paragraph 58.

59. Counter-Defendant denies each and every allegation contained in paragraph 59.

60. Counter-Defendant denies each and every allegation contained in paragraph 60.

## FOURTH COUNTERCLAIM

**(Cancellation/Modification of the US TURF Trademark Registration – Merely Descriptive)**

61. To the extent any allegations of the Counterclaims are not addressed above, they are denied.

62. Counter-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 62.

63. Counter-Defendant denies each and every allegation contained in paragraph 63 and specifically denies that US TURF is descriptive.

64. Counter-Defendant denies each and every allegation contained in paragraph 64.

## OBJECTIONS TO COUNTERCLAIMANT'S PRAYER FOR RELIEF

Counter-Defendant denies that Counterclaimant is entitled to the requested relief identified in items A-J of Counterclaimant's Prayer for Relief or any other relief. Counter-Defendant denies all allegations in the Complaint not expressly admitted above.

## AFFIRMATIVE DEFENSES

In further response to the Counterclaims, and without admitting that as to any of the below allegations Counter-Defendant bears the burden of proof, Counter-Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

As a first, separate and affirmative defense to Counterclaimant's Counterclaims on file herein, and each and every purported cause of action therein stated, Counter-Defendant

alleges that the Counterclaims and each and every cause of action therein fails to state facts sufficient to constitute a cause of action against Counter-Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Damages)

As a second, separate and affirmative defense to Counterclaimant's Counterclaims on file herein, and each and every purported cause of action therein stated, Counter-Defendant alleges that Counterclaimant has suffered no loss, damage, injury or harm as a result of any conduct, inactions, or actions, as alleged in the Counterclaims.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a third, separate and affirmative defense to Counterclaimant's Counterclaims on file herein, and each and every purported cause of action therein stated, Counter-Defendant alleges that by virtue of Counterclaimant's unlawful, immoral, careless, negligent and other unlawful conduct, Counterclaimant is barred from recovery against Counter-Defendant by the equitable doctrine of "unclean hands" and of in pari delicto.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

As a fourth, separate and affirmative defense to Counterclaimant's Counterclaims on file herein, and each and every purported cause of action therein stated, Counter-Defendant alleges that Counterclaimant's claims are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (No Entitlement to Injunctive Relief)

As a fifth, separate and affirmative defense to Counterclaimant's Counterclaims on file herein, and each and every purported cause of action therein stated, Counter-Defendant alleges that that Counterclaimant is not entitled to injunctive relief because Counterclaimant has not suffered, will not suffer, irreparable harm due to Counter-Defendant's alleged conduct. Counterclaimant has an adequate remedy at law, and the balance of hardships and public interest do not favor injunctive relief.

## SIXTH AFFIRMATIVE DEFENSE

**(Additional Defenses)**

As a sixth, separate and affirmative defense to Counterclaimant's Counterclaims on file herein, and each and every purported cause of action therein stated, Counter-Defendant alleges that Counter-Defendant presently lacks sufficient knowledge or information upon which to ascertain whether as yet unstated affirmative defenses are available. Counter-Defendant reserves the right to assert additional defenses ascertained by further investigation and discovery.

DATED: October 14, 2022                   PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/Tiffany Salayer
Jeff A. Garofalo
Lisel M. Ferguson
Tiffany Salayer
Attorneys for Plaintiff and Counter-Defendant
Upmann Sanchez Turf and Landscape