# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Upmann Sanchez Turf and Landscape, Inc. dba US Turf, | Case No. 2:21-cv-01749-JCM-DJA |
| Plaintiff, | **Order** |
| v. | |
| US TURF, LLC dba Serenity Landscaping, | |
| Defendant. | |
| And related counterclaims. | |

This is a trademark infringement case arising out of Plaintiff Upmann Sanchez Turf and Landscape, Inc. dba US Turf and Defendant US TURF, LLC dba Serenity Landscaping's use of a similar name. Plaintiff sues Defendant for damages and injunctive relief, alleging that Defendant infringed on its trademark of the name. Defendant counterclaims for damages, declaratory relief that it is not infringing, and injunctive relief canceling or modifying Plaintiff's trademark registration.

Defendant moves to strike one of Plaintiff's expert witness reports, arguing that Plaintiff has attempted to introduce an untimely initial expert report alongside its rebuttal expert report. (ECF No. 34). Both Defendant and Plaintiff move to seal exhibits and portions of their motions. (ECF Nos. 43, 46, 53, 55). Because the Court finds that Plaintiff's report is untimely, but that Plaintiff has not demonstrated harmlessness or substantial justification, it grants Defendant's motion to strike. Because the Court finds that the parties have demonstrated compelling reasons, it grants each of the motions to seal.

///

///

///

**I.   Discussion.**

   ***A.   The Court grants Defendant's motion to strike.***

      1.   <u>Background.</u>

Defendant moves to strike one of Plaintiff's expert's reports. (ECF No. 34). Defendant explains that Plaintiff explicitly stated that it would not be submitting an initial expert report. (*Id.* at 5). Nonetheless, when Plaintiff offered a rebuttal to Defendant's expert report, Plaintiff's expert—Kenneth Hollander—provided two reports: a rebuttal (attached to Plaintiff's disclosure as "Exhibit A") and an affirmative expert report (attached to Plaintiff's disclosure as "Exhibit B"). (*Id.* at 6). Defendant asserts that the affirmative report is the same in content as an initial report because it does not rebut or address the topics in Defendant's initial expert report. (*Id.* at 7-8). Defendant points out that the two reports are even titled differently, with Exhibit A being titled "Rebuttal Report" and Exhibit B being titled "Expert Report." (*Id.*). Defendant explains that its expert—Brian Sowers—conducted a trademark survey to determine whether Plaintiff's asserted trademark had achieved distinctiveness from secondary meaning. (*Id.* at 5). Plaintiff's Exhibit A report criticizes Mr. Sower's secondary meaning survey and report. (*Id.* at 6). But the Exhibit B report contains an independent consumer survey on likelihood of confusion. (*Id.*). Because it was late and improperly disclosed, Defendant asks the Court to strike the Exhibit B report. (*Id.* at 12). If the Court does not, Defendant asserts that it would be prejudiced by having to produce an expert report to rebut Plaintiff's Exhibit B report, requiring an extension of discovery deadlines, and requiring the unexpected expenditure of addressing the report. (*Id.* at 10).

Plaintiff responds that, because trial has not been set and discovery was (at the time Plaintiff filed its response[1]) still ongoing, Defendant is not harmed by the late disclosure of the Exhibit B report. (ECF No. 35). Plaintiff makes four arguments. First, that even if Exhibit B is an untimely affirmative report, striking it is too harsh considering that Defendants can still find a

---

[1] Discovery closed on December 14, 2022. (ECF No. 31). Dispositive motions were due by January 13, 2023. (*Id.*).

rebuttal expert and question Plaintiff's expert. (*Id.* at 3-5). Plaintiff relies on the five-factor test outlined in *Wendt v. Host International, Inc.*, 1225 F.3d 806, 814 (9th Cir. 1997) to support this argument. (*Id.*). Second, it argues that its rebuttal report was timely provided and thus, the Exhibit B report was timely as well. (*Id.* at 5-6). Third, it argues that the Exhibit B report is not an affirmative report because in it, Mr. Hollander rebuts the methodology Mr. Sowers used. (*Id.* at 6-7). Plaintiff explains that, in its Exhibit A report, Mr. Hollander challenged the survey protocols that Mr. Sowers used. (*Id.*). And in the Exhibit B report, in conducting his own survey, Mr. Hollander applied the correct protocols. (*Id.*). Plaintiff concludes that this means the Exhibit B report is really a rebuttal report. (*Id.*). Finally, Plaintiff argues that Defendant's claims of prejudice and surprise are disingenuous because, even though Plaintiff did not disclose that its expert would enter two reports, it disclosed Mr. Hollander's name and contact information. (*Id.* at 7-8). It concludes that Defendant should have anticipated the report, and because discovery was still open at the time, Defendant could still address the Exhibit B report. (*Id.*).

Defendant replies to Plaintiff's first argument that *Wendt* is not only procedurally distinguishable, but it is also not universally accepted as the appropriate test in the Ninth Circuit. (ECF No. 38 at 2-3). But even if the Court were to apply *Wendt*, Defendant asserts that the factors would still support its position that Plaintiff's Exhibit B report is improper. (*Id.* at 3-5). Regarding Plaintiff's second argument, Defendant asserts that the Exhibit B report was not timely just because the rebuttal Exhibit A report was. (*Id.* at 7-10). Defendant argues that the discovery plan and scheduling order provided a sequence for the initial and rebuttal expert deadlines for a reason and Plaintiff should not be rewarded by adopting a "better to ask for forgiveness than permission" approach. (*Id.*). Regarding Plaintiff's third argument, Defendant points out that Plaintiff's report never mentions Mr. Sowers' survey and the survey Mr. Hollander conducted is on a completely different subject than Mr. Sowers.' (*Id.* at 5-7). Regarding Plaintiff's fourth argument, Defendant asserts that it would be prejudiced by having to examine the Exhibit B report, prepare a rebuttal expert report, and enlarge discovery, all without prior notice. (*Id.*). Defendant points out that this would detract from its counsel's available time to prepare dispositive motions. (*Id.*).

2. The *Wendt* test.

Plaintiff asks the Court to apply the five-factor test the Ninth Circuit applied in *Wendt* requiring a court considering sanctions to analyze: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *Wendt v. Host Intern. Inc.*, 125 F.3d 806, 814 (9th Cir. 1997). The Court is not convinced that the *Wendt* test is mandatory in this situation. But even if it were, the factors would weigh in favor of granting Defendant's motion.

Courts in the Ninth Circuit, and even the Ninth Circuit itself, have variably applied the *Wendt* test in determining whether striking an expert is appropriate. *Compare Wendt*, 125 F.3d at 814 *with Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-1107 (9th Cir. 2001); *compare CCR/AG Showcase Phase I Owner, L.L.C. v. United Artists Theatre Circuit, Inc.*, No. 2:08-cv-00984-RCJ-GWF, 2010 WL 1947016, at *8 (D. Nev. May 13, 2010) *with Campbell v. Garcia*, No. 3:13-cv-00627-LRH-WGC, 2015 WL 995244, at *2-5 (D. Nev. Mar. 6, 2015). However, the case to which the *Wendt* court cited for the test—*Wanderer v. Johnston*, 910 F.2d 652 (9th Cir. 1990)—addressed it as appropriate for "the district court to apply in considering whether a *dismissal* of default is appropriate as a Rule 37 sanction." *Wanderer*, 910 F.2d at 656 (emphasis added). And from the cases to which the *Wanderer* court cites, it appears that the Ninth Circuit intended courts to apply the test when considering dismissal. *See, e.g.*, *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) ("[a] district court must weigh five factors in determining whether to *dismiss* a case for failure to comply with a court order…") (emphasis added); *see Thompson v. Housing Authority of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) ("because *dismissal* is such a severe remedy, we have allowed its imposition in these circumstances only after requiring the district court to weigh several factors…") (emphasis added). And when applying the test in *Wendt*, the Ninth Circuit did not address whether it considered the district court's sanctions precluding an expert disclosure to be dispositive. *See Wendt*, 125 F.3d at 814.

But even if the *Wendt* test is applicable here, the Court finds that it weighs in favor of granting Defendant's motion. First, the public's interest in the expeditious resolution of litigation weighs in favor of granting Defendant's motion. If the Court were to deny Defendant's motion, Defendant would need additional time to designate a rebuttal expert witness and for that witness to address Mr. Hollander's report. But discovery has already closed and the parties have not moved to extend it. Additionally, it appears that Defendant previously agreed to extend time under the impression that Plaintiff would not disclose an initial expert witness. (ECF No. 31 at 3) ("Plaintiff requires additional time to obtain a *rebuttal* report from an expert prior to the current *rebuttal* expert deadline…Both parties are likely to depose the named experts and any rebuttal experts.") (emphasis added).

The second factor—the Court's need to manage its docket—weighs in favor of granting Defendant's motion for similar reasons. Discovery closed in December and the parties' pretrial order will be due thirty days after a decision on their currently-pending dispositive motions. Reopening discovery at this stage could impact the dispositive motions and hinder the efficient progression of this case.

The third factor—the risk of prejudice to the party seeking sanctions—also weighs in favor of granting Defendant's motion. Defendant has explained that the prejudice it would face involves having to extend discovery, designating a rebuttal expert, and addressing an opinion that Plaintiff explicitly stated it would not have to. Additionally, Defendant will have to expend additional attorneys' fees and witness fees to do these things. Instead of addressing these issues, Plaintiff simply asserts that Defendant faces "no risk of prejudice." (ECF No. 35 at 4). Defendant has the better argument.

Fourth, while the public policy favoring disposition of cases on their merits inherently weighs in favor of denying Defendant's motion, Plaintiff has provided no reason why it should weigh heavily in that direction. Plaintiff has not developed its argument that striking Dr. Hollander's report would result in the preclusion of any of its claims or defenses. Instead, it argues in conclusory fashion that "[i]t would be inequitable and contrary to public policy to allow Defendant to avoid liability for its infringement based on a technicality." (ECF No. 35 at 5).

This is not sufficient to establish that the survey Dr. Hollander conducted in the Exhibit B report is detrimental to Plaintiff's case. Presumably, if it were detrimental, Plaintiff would have anticipated the need to conduct this survey and disclose it as an initial report.

Fifth, while lesser sanctions are potentially available, Plaintiff's argument regarding what those lesser sanctions might be is not persuasive. Plaintiff asserts that no sanctions are warranted "given Plaintiff's timely disclosure of Hollander's written reports…" (ECF No. 35 at 5). Plaintiff suggests that in the event the Court is inclined to grant sanctions, the "Court can fashion an adequate remedy to allow Defendant the opportunity to address those opinions." (*Id.*). In other words, Plaintiff suggests an extension of time to be the appropriate sanction. But Defendant's argument is more persuasive. It points out that extending the discovery schedule is no sanction at all and that the sanction it seeks—precluding the Exhibit B report—"simply holds Plaintiff to the deliberate choice that it made…not to offer expert testimony or a survey in support of its trademark infringement claims." (ECF No. 38 at 4). The *Wendt* factors weigh in favor of granting Defendant's motion.

3. <u>Harmlessness and substantial justification.</u>

Even if the Court did not apply the *Wendt* factors, Plaintiff has still failed to demonstrate harmlessness or substantial justification sufficient to avoid the sanction of precluding the Exhibit B report. Federal Rule of Civil Procedure 26 requires parties to disclose the identity of any person who may be used as an expert witness. Fed. R. Civ. P. 26(a)(2). Rebuttal expert reports are proper if they contradict or rebut the subject matter of the affirmative expert report. *Campbell*, 2015 WL 995244, at *2. They are not the proper place for presenting new arguments. *Id.* Federal Rule of Civil Procedure 26(a)(2)(D)(ii) provides that a party must make expert and rebuttal expert disclosures in the sequence that the court orders.

Federal Rule of Civil Procedure 37 authorizes sanctions for a party's failure to make disclosures or cooperate in discovery. Fed. R. Civ. P. 37. Under Rule 37(c)(1), "[i]f a party failed to…identify a witness as required by Rule 26(a)…the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was *substantially justified or is harmless*." Fed. R. Civ. P. 37(c)(1) (emphasis added). The

burden is on the party facing discovery sanctions under Rule 37(c)(1) to prove substantial justification and harmlessness. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008). The severity and degree of a sanction under Rule 37(c)(1) is up to the discretion of the district court. *See Gilbert v. Spirit Airlines*, No. 2:12-cv-00930-JCM-PAL, 2013 WL 5718895, at *2 (D. Nev. Oct. 18, 2013) (citing *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985) and *Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont. 1998)). Exclusion of an expert's testimony for failure to comply with the requirements of Rule 26(a) is a sanction available to the trial court within its wide discretion under Rule 37(c)(1) even in the absence of bad faith or willfulness. *Gilbert*, 2013 WL 5718895, at *3 (citing *Yeti by Molly Ltd. v. Dekcers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).

Plaintiff's disclosure of the Exhibit B report was untimely in violation of Rule 26(a). But Plaintiff has not demonstrated substantial justification or harmlessness under Rule 37(c). As a preliminary matter, the Court is not convinced by Plaintiff's arguments that Mr. Hollander's Exhibit B report was timely or a rebuttal. Mr. Hollander's Exhibit B report did not contradict the subject matter of Mr. Sowers.' And Plaintiff's argument that the report was a rebuttal because it used the correct protocols *on a different subject* is unconvincing. Because it was not a rebuttal report, the Exhibit B report, disclosed well after the initial expert report deadline, was untimely.

The remainder of Plaintiff's arguments focus on harmlessness, but do not address substantial justification. Plaintiff's harmlessness arguments are less persuasive than Defendant's arguments that it would be prejudiced by having to address Plaintiff's Exhibit B report. Plaintiff asserts that the report is harmless because discovery had not yet closed at the time the parties filed their briefs and because Defendant already knew Mr. Hollander's identity and qualifications, even if it did not know the substance of his Exhibit B report. However, discovery closed in December and the parties have not moved to extend it further. (ECF No. 31). Additionally, Defendant's arguments that it will have to incur substantial unexpected expenses in having its expert analyze the Exhibit B report, prepare a rebuttal report, and to extend the discovery deadlines to accommodate that analysis are persuasive.

Moreover, Plaintiff does not address substantial justification at all. It does not explain why it did not disclose the Exhibit B report sooner or why it specifically stated that it would not submit an initial report at all and then changed course. Given Plaintiff's contradicting behavior—claiming it would not disclose an initial expert and then disclosing the Exhibit B report late—the Court does not find that Plaintiff's late disclosure was substantially justified.

The Court finds that Plaintiff has violated its requirement to make initial expert disclosures. And Plaintiff has failed to demonstrate harmlessness or substantial justification. The Court will thus grant Defendant's motion to strike. Plaintiff shall not be permitted to introduce the Exhibit B report at trial, in a hearing, or in support of or opposition to any motion.

### B. *The Court grants each of the motions to seal.*

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016). A party seeking to seal judicial records attached to motions more than tangentially related to the merits of the case must meet the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety*, 809 F.3d at 1101. Under that standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Kamakana*, 447 F.3d at 1179). That a party has designated a document as confidential under a protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133, 38 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

         1.    <u>Defendant's motion to seal (ECF No. 43).</u>

Defendant moves to seal two exhibits to its opposition to Plaintiff's motion for summary judgment. (ECF No. 43). It explains that it is sealing the documents—an email between Plaintiff and a customer and a text between Plaintiff and a customer—because Plaintiff designated them confidential under the parties' protective order. (*Id.*). Plaintiff responds that compelling reasons exist to seal the documents because they contain customer names and contact information. (ECF

No. 49). Plaintiff explains that the parties to the case are competitors, and each side has taken steps to protect competitive information from each other and from outside competitors. (*Id.*). It adds that it would be prejudiced in future pricing and contract negotiations with customers and suppliers if this type of pricing and sales information were public. (*Id.*). The Court finds that Plaintiff has met its burden of demonstrating compelling reasons to seal these documents. It thus grants Defendant's motion to seal.

### 2. Plaintiff's motion to seal (ECF No. 46).

Plaintiff moves to seal Exhibits 4, 21, 24, and 25 to its opposition to Defendant's motion for summary judgment and to redact a portion of that opposition. (ECF No. 46). Exhibit 4 is the deposition of Plaintiff's 30(b)(6) witness, which Plaintiff has deemed proprietary, commercially sensitive information about its operations, sales, marketing, and pricing. (*Id.*). Exhibit 21 is a deposition of a third party, which "was marked confidential during the deposition because the deponent has an unrelated ongoing litigation case with the Defendant." (*Id.*). Exhibit 24 includes two of Plaintiff's invoices showing its sales price and specific customers. (*Id.*). And Exhibit 25 includes Defendant's profit and loss statements, containing Defendant's competitively sensitive information. (*Id.*).

Defendant responds only to point out that the third party who designated the deposition in Exhibit 21 confidential has since determined that the confidential designation is no longer necessary. (ECF No. 47). Otherwise, Defendant does not oppose the motion to seal. (*Id.*). Plaintiff replies and limits its request to Exhibits 4, 24, and 25 and the redaction of its opposition. (ECF No. 48).

The Court finds that the parties have demonstrated compelling reasons to seal these documents. As Plaintiff points out, the documents contain both sides' competitive business and financial information. The Court thus grants in part and denies in part Plaintiff's motion to seal. The Court grants Plaintiff's request to file under seal the unredacted version of its opposition along with Exhibits 4, 24, and 25. It denies Plaintiff's request to seal Exhibit 21. Because Plaintiff has not yet done so, Plaintiff must file the remainder of its opposition and exhibits on the docket.

         3.        <u>Defendant's motion to seal (ECF No. 53).</u>

Defendant moves to seal two exhibits to its reply in support of its motion for summary judgment. (ECF No. 53). It explains that Plaintiff designated the exhibits confidential under the parties' protective order. (*Id.*). Plaintiff responds that the exhibits—a copy of the terms agreement between Plaintiff and a turf distributor and portions of Plaintiff's 30(b)(6) deposition—contain competitively sensitive information. (ECF No. 57). It adds that it would be harmed to the advantage of competitors if this information were public. (*Id.*). The Court finds that Plaintiff has demonstrated compelling reasons to seal these documents. It therefore grants the motion to seal.

         4.        <u>Plaintiff's motion to seal (ECF No. 55).</u>

Plaintiff moves to seal Exhibits 4, 21-30, 36-37, and 39 to its reply in support of its motion for summary judgment. (ECF No. 55). It also seeks to redact portions of its reply discussing those documents. (*Id.*). It explains that portions of Exhibits 4 and 25 are excerpts from its 30(b)(6) deposition discussing proprietary and competitively sensitive information, including some information marked "attorneys' eyes only" about its operation, sales, marketing, and pricing. (*Id.*). Portions of Exhibit 21 contain similar testimony from a 30(b)(6) witness, also marked "attorneys' eyes only." (*Id.*). Exhibits 22, 24, 26, and 36 are invoices from Plaintiff to specific customers which have customer addresses, names, and pricing. (*Id.*). Exhibit 23 includes Plaintiff's website analytics marked "attorneys' eyes only" because it contains sensitive information about Plaintiff's strategies. (*Id.*). Exhibit 27 and 37 are texts between Plaintiff and its customers, which contain pricing and customer information. (*Id.*). Exhibit 28 is a customer's application for financing, which contains the customer's private information like social security number and date of birth. (*Id.*). Exhibit 29 is a declaration describing an advertisement and attaching that advertisement that contains pricing and strategy information. (*Id.*). Exhibit 30 is Defendant's profit and loss statement containing private business information. (*Id.*). And Exhibit 39 includes emails between Plaintiff and one of its customers, which contains customer and strategy information. (*Id.*).

The Court finds that Plaintiff has demonstrated compelling reasons to seal the exhibits and portions of its reply. It thus grants the motion. Because Plaintiff has not yet done so, the Court will require Plaintiff to file the remainder of its reply and exhibits on the docket.

**IT IS THEREFORE ORDERED** that Defendant's motion to strike (ECF No. 34) is **granted.** Plaintiff shall not introduce the Exhibit B report at trial, in a hearing, or in support of or opposition to any motion.

**IT IS FURTHER ORDERED** that Defendant's motion to seal (ECF No. 43) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to seal (ECF No. 46) is **granted in part and denied in part.** It is granted to the extent that Plaintiff may keep Exhibits 4, 24, and 25 and its unredacted opposition under seal. It is denied to the extent that Plaintiff may not keep Exhibit 21 under seal. Plaintiff must file the remainder of the exhibits to its opposition, along with the redacted version of the opposition, on the public docket.

**IT IS FURTHER ORDERED** that Defendant's motion to seal (ECF No. 53) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to seal (ECF No. 55) is **granted.** Plaintiff may keep the referenced exhibits, portions of exhibits, and its unredacted reply under seal. Plaintiff must file the remainder of the exhibits to its reply, the redacted version of exhibits for which Plaintiff only sought to seal portions, and the redacted version of its reply on the public docket.

DATED: March 23, 2023

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE