UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UPMANN SANCHEZ TURF AND LANDSCAPE dba US TURF,<br><br>Plaintiff(s),<br><br>v.<br><br>US TURF LLC,<br><br>Defendant(s). | Case No. 2:21-CV-1749 JCM (DJA)<br><br>ORDER |

Presently before the court is defendant US Turf, LLC's motion for attorney fees. (ECF No. 67). Plaintiff Upmann Sanchez Turf filed a response (ECF No. 69), to which US Turf replied (ECF No. 71). For the reasons stated below, the court denies the motion.

This case arises out of a trademark infringement action between turf-laying companies. Plaintiff filed three Lanham Act claims against defendant alleging infringement, unfair competition, and seeking injunctive relief over two registered trademarks. (ECF No. 1). Defendant counterclaimed for declaratory relief and damages. (ECF No. 11).

The court dismissed defendant's fifth and sixth fraud-based counterclaims. (ECF No. 32). Both parties moved for summary judgment. (ECF Nos. 39, 40). The court entered judgment for the defendant. (ECF No. 63). Defendant now moves for an attorneys' fee award under the Lanham Act.

A. <u>Procedural Requirements</u>

A party filing a motion for attorneys' fees must (1) file within fourteen days after the entry of judgment; (2) specify the judgment and grounds entitling the movant to the award; (3) state the amount sought or provide a fair estimate; and (4) if the court orders, disclose the terms of any

**James C. Mahan**
**U.S. District Judge**

agreement about fees for the services which the claims is made. Fed. R. Civ. P 54(d)(2). A motion for attorneys' fees must also comply with the Local Rules set forth in LR 54-14.

As a preliminary matter, the court finds defendant's motion is procedurally proper.

B. <u>Lanham Act</u>

A court may award attorneys' fees and expenses to the prevailing party in *exceptional cases* under the Lanham Act. 15 U.S.C. § 1117(a) (emphasis added). A case is considered exceptional where it "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which it was litigated." *Octane Fitness, LLC v. ICON Health & Fitness. Inc.*, 572 U.S. 545, 554 (2014). Whether a case is exceptional is committed to the discretion of the district court. *Id*.

The Ninth Circuit limits the district court's discretion to award attorneys' fees in trademark infringement cases to where the infringement can be characterized as "malicious, fraudulent, deliberate, or willful." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002).

Here, defendant argues that it is entitled to attorneys' fees because plaintiff was unreasonable throughout litigation. Defendant contends plaintiff pursued weak claims, forced defendant to defend frivolous arguments, and was unwilling in settlement discussions. However, defendant's argument is unavailing because it fails to illustrate how the plaintiff's conduct exceeds the normal scope of litigation.

First, defendant proposes that plaintiff pursued weak claims. However, plaintiff's honest but mistaken belief in the strength of the claims cannot be confused with meaningless litigation. Indeed, it is counsel's responsibility to zealously pursue all claims supported in law. Plaintiff pursued trademark infringement claims based on valid registered trademarks it obtained from the U.S. Patent Office. (ECF No. 70). Plaintiff also attempted to send a demand letter before initiating litigation. (ECF No. 1). Plaintiff's claims were reasonably pursued in light of the facts.

Defendant also contends it is entitled to attorneys' fees because it was forced to address the plaintiff's unreasonable arguments in litigation. Specifically, defendant argues it had to oppose plaintiff's motion to dismiss defendant's counterclaim. However, the court granted plaintiff's motion to dismiss on two of the six counterclaims, evidencing merit behind the motion. (ECF No.

32). The court also granted a motion to strike one of plaintiff's filings. (ECF No. 58). This example is merely illustrative of normal consequences of litigation.

Finally, defendant argues that attorney fees are appropriate because plaintiff communicated "aggressive" and "rigid" settlement offers. This does not provide a sufficient basis under the Lanham Act standard. Plaintiff engaged in good faith settlement discussions, despite reaching no resolution. This is not enough to deem the case "exceptional." *Octane*, 572 U.S. 554.

Nothing in the record persuades the court that this case is exceptional. The type of facts and procedural history presented in the instant case are common to trademark infringement proceedings. The plaintiff's conduct falls short of the exceptional standard required in *Octane* and the Ninth Circuit's bad-faith requirement. Accordingly, the court denies defendant's motion for attorney fees.

**II.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for attorney's fees (ECF No. 67) be, and the same hereby is, DENIED.

DATED September 25, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**